# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CHAD DOUGLAS DRESSEN, | Case No. 19-CV-1522 (JRT/SER) |
| Plaintiff, | |
| | **ORDER** |
| CITY OF TYLER, MINNESOTA, JOHN SPINDLER, | |
| Defendants. | |

Plaintiff Chad Douglas Dressen did not pay the filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP"). *See* ECF No. 2. Mr. Dressen's IFP application is now before the Court and must be addressed before any other action is taken in this matter.

Because Mr. Dressen is a prisoner, his IFP application is subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
>
> > (A) the average monthly deposits to the prisoner's account; or
> >
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .

> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute — which is part of the Prison Litigation Reform Act of 1995 ("PLRA") — prisoners who are granted IFP status are *not* excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

This Court cannot yet calculate Mr. Dressen's initial partial filing fee because he has provided incomplete financial information for the six months prior to this litigation.

*See* ECF No. 2-1 at 1. If Mr. Dressen has been incarcerated for less than six months, he need only provide information for the months of incarceration to date. Accordingly, this Court hereby orders Mr. Dressen to submit information regarding the deposits to, and balance of, his trust account for the period of January 2019 to June 2019, as required by § 1915(b). Prison officials are reminded of their obligation to assist Mr. Dressen in procuring that financial information. The Clerk of Court shall mail Mr. Dressen one copy of this District's standard IFP application, including a certificate of financial information for prison officials to complete on Mr. Dressen's behalf. Failure to submit the required financial information within 20 days of this order will result in a recommendation that this matter be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

The Court will also take this opportunity to note a potential deficiency with Mr. Dressen's complaint. *See* 28 U.S.C. § 1915A. Mr. Dressen names the City of Tyler as a defendant, but to invoke Section 1983 liability against a government entity he would need to point to a harmful policy or practice. *See e.g. Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-91 (1978) (local government body may only be held liable under Section 1983 if alleged unconstitutional conduct implements official policy or custom). His complaint as pled makes no explicit mention of a policy or practice. *Pro se* litigants are treated leniently before this Court, and the complaint as drafted would be construed liberally, but the expeditious resolution can aptly take place with a more clearly delineated pleading.

Should Mr. Dressen elect to file an amended complaint, that document should be a standalone pleading; that is, Mr. Dressen should not merely supplement his original

complaint, but should instead draft a new pleading as though the original had not been filed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The application to proceed *in forma pauperis* [ECF No. 2] of plaintiff Chad Douglas Dressen cannot yet be granted.

2. Mr. Dressen must submit the required financial information (as described above) within 20 days, failing which it will be recommended that this action be dismissed without prejudice for failure to prosecute. The Clerk of Court shall mail him a copy of this District's IFP application to assist him in tendering this information in the proper format.

Dated: July 11, 2019

*s/ Steven E. Rau*_____
Steven E. Rau
United States Magistrate Judge