UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHAD DOUGLAS DRESSEN, | Civil No. 19-1522 (JRT/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| CITY OF TYLER, MINNESOTA; and JOHN SPINDLER, *Chief of Police of Tyler, Minnesota, individually and in his official capacity*, | |
| Defendants. | |

Chad Douglas Dressen, Reg. No. 17063-273, FCI-Fort Dix, P.O. Box 2000, Fort Dix, NJ 08640, *pro se*.

Ryan M. Zipf, **LEAGUE OF MINNESOTA CITIES**, 145 University Avenue West, St. Paul, MN 55103, for defendants.

Plaintiff Chad Dressen initiated this action after Defendants, the City of Tyler and Chief of Police John Spindler, allegedly failed to investigate a burglary of his home, which Dressen claims constitutes a violation of his constitutional rights. Defendants have filed a Motion to Dismiss for failure to state a claim. Because Dressen has not alleged a plausible violation of his rights under the Fourth Amendment or the Fourteenth Amendment's Due Process Clause, as neither provides a right to have a reported crime investigated, the Court will grant the Motion and dismiss the action without prejudice.

## BACKGROUND

**I.     FACTUAL BACKGROUND**

Plaintiff Chad Dressen alleges that, on September 10, 2016,[1] he discovered his home was burglarized after returning from a business trip and noticing his rear garage door had been breached. (Compl. ¶¶ 9–10, June 10, 2019, Docket No. 1.) Dressen reported the burglary to Spindler and showed him a burglarized gun safe. (*Id.* ¶¶ 10–11.) Spindler wrote an incident report for the burglary. (*Id.* ¶ 12.) Dressen reported that his entire life savings, $67,000 in cash and coins, was stolen, as well as jewelry and other goods. (*Id.* ¶¶ 13–14.)

After reporting the burglary, Dressen provided Spindler and the Tyler Police Department with evidence of the crime, including a video from a salvage yard allegedly showing a man with Dressen's property, his jewelry purchased back from a pawn shop, recovered tokens that were in his gun safe prior to the robbery, and a bill of sale for gold coins. (*Id.* ¶¶ 11, 15–16.) Despite this evidence, Dressen alleges that Spindler and Tyler Police refused to investigate the burglary. (*Id.* ¶ 15.) Dressen also alleges that Spindler

---

[1] While Dressen alleges that he discovered the robbery on September 10, the incident reports completed by Spindler show that Dressen reported the burglary to Spindler on September 4, 2016 and that Dressen told Spindler that he suspected the burglary occurred on or around August 10, 2016. (Aff. John Spindler ¶ 2, Exs. 1–2, Jan. 11, 2021, Docket No. 26.) Although the incident reports are materials necessarily embraced by the pleadings and thus can be considered by the Court, *see Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014), this discrepancy is immaterial for disposition of the Motion to Dismiss.

later told a third party that he did not believe there had been a burglary at Dressen's home. (*Id.* ¶ 23.)

Dressen eventually contacted the FBI, which referred him back to local authorities, and then contacted the Tyler City Attorney, who connected Dressen with the Lincoln County Sheriff. (*Id.* ¶¶ 17–19.) The Lincoln County Sheriff interviewed Dressen on March 7, 2018, and Dressen provided the Sheriff with evidence of the incident. (*Id.* ¶ 20.) Dressen alleges that Tyler Police failed to provide the Lincoln County Sheriff with its prior investigative reports and evidence.[2] (*Id.* ¶ 22.) The Sheriff's investigation was ultimately unsuccessful. (*Id.* ¶ 212.)

## II. PROCEDURAL BACKGROUND

On June 10, 2019, Dressen initiated this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his Fourth Amendment, Fifth Amendment, and Fourteenth Amendment rights with deliberate indifference by failing to investigate the reported burglary, despite probable cause to do so. (*Id.* ¶¶ 24–26.) Specifically, Dressen alleges that Defendants' actions and inactions caused him to not be secure in his person, property, papers, and effects in violation of Fourth Amendment, and deprived him of due

---

[2] The Court notes that Defendants have submitted an affidavit from Spindler that refutes this point and several other allegations in the Complaint. (*See* Aff. John Spindler, Jan. 11, 2021, Docket No. 26.) However, the Court will exclude portions of the affidavit apart from those necessarily embraced by the Complaint, *see Schriener*, 774 F.3d at 444, because Defendants have not requested, and the Court finds it would be inappropriate, to treat this Motion as one for summary judgment, *see* Fed. R. Civ. P. 12(d).

process in violation of the Fifth and Fourteenth Amendments.  (*Id.* ¶¶ 29–30.)  Dressen also alleges that the City of Tyler had an unconstitutional policy or custom of not investigating reported crimes.  (*Id.* ¶ 26.)  Dressen claims that Defendants' constitutional violations caused him to lose his life savings, which forced him to turn to crime to pay off his debts and led to his present imprisonment,[3] thus causing emotional trauma and loss of physical liberty.  (*Id.* ¶ 28.)

On January 11, 2021, Defendants filed a Motion to Dismiss the Complaint for failure to state a claim.  (Mot. Dismiss, Jan. 11, 2021, Docket No. 23.)  Dressen did not respond to the Motion within 21 days as required by Local Rule 7.1(c)(2), and has not responded since.  (*See* Notice of No Reply, Feb. 12, 2021, Docket No. 32.)  The Court now considers the Defendants' Motion to Dismiss to be submitted without oral argument, as permitted by Local Rule 7.1(g)(1).

---

[3] On May 9, 2017, Dressen was indicted on charges of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, after the burglary at issue in the instant matter allegedly occurred.  *See Dressen v. United States*, No. 18-4153, 2019 WL 7971886, at *1 (D.S.D. Apr. 18, 2019).  Dressen pleaded guilty and is now serving a sentence of 210 months imprisonment, or 17.5 years, in Fort Dix, New Jersey, with a projected release date of July 28, 2025.  *See id.* at *2, *6; *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 5, 2021).

**DISCUSSION**

**I.      STANDARD OF REVIEW**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "'claim to relief that is plausible on its face.'"  *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 555 (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in their favor.  *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

**II.     ANALYSIS**

To establish a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that a defendant deprived them of a federal right, either constitutional or statutory, while acting under color of state law. *Ottman v. City of Independence*, 341 F.3d 751, 756 (8th Cir. 2003). When claims are asserted against a police officer in their individual capacity, liability may be precluded by qualified immunity unless (1) the evidence establishes a violation of a constitutional or statutory right and (2) that right was clearly established at the time of

the alleged misconduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). For a right to be clearly established, existing precedent must place the constitutional question beyond debate, *White v. Pauly*, 137 S. Ct. 548, 551 (2017), such that a reasonable officer would know that his conduct was unlawful in the situation confronted, *District of Columbia v. Wesby*, 138 S. Ct. 577, 589–90 (2018).

Here, it is undisputed that Spindler was acting under color of state law when he allegedly refused to investigate the burglary. Therefore, the Court proceeds to determine whether Dressen has adequately alleged violations of his constitutional rights and, if so, whether Spindler is nonetheless entitled to qualified immunity. The Court will then turn to whether Dressen has stated a claim for municipal liability against the City of Tyler.

### A. Fourth Amendment

The Fourth Amendment prohibits unreasonable searches and seizures by government actors. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999). Yet Dressen has identified neither a search nor a seizure by Defendants. Rather, he claims that Spindler violated his Fourth Amendment rights by failing to investigate the burglary despite the existence of probable cause, and this action or inaction caused Dressen to no longer be secure in his persons, properties, papers, and effects.

It is axiomatic that probable cause is required for the government to obtain a warrant to conduct a search or seizure or, in certain circumstances, to proceed without a warrant. *See, e.g.*, *Katz v. United States*, 389 U.S. 347, 357–58 (1967). Contrary to

Dressen's position, however, a private citizen does not have a right to require an investigation of a crime committed against him by another, even where probable cause exists. *See, e.g.*, *Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1045 (9th Cir. 1994) ("The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty of property." (citing *DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 189, 195–96 (1989)).

Furthermore, although the Fourth Amendment guarantees the right to be secure in one's person and property, the right protects only against unreasonable searches and seizures by the government, not against burglary by a third party. Therefore, as Dressen has not alleged that Spindler or any other member of the Tyler Police searched or seized his person or possessions, he fails to state a claim for a violation of his Fourth Amendment rights.

### B.     Fourteenth Amendment

Next, Dressen alleges that Spindler violated his rights under the Fourteenth Amendment's Due Process Clause[4] by failing to investigate or take further action related

---

[4] Dressen also asserted a violation of his Fifth Amendment right to due process. Because the Fifth Amendment applies only to actions by the federal government, not local city governments and officials like Defendants, Dressen has failed to state a claim for a violation of his Fifth Amendment rights. *Barnes v. City of Omaha*, 574 F.3d 1003, 1005 n.2 (8th Cir. 2009) (citing *Dusenberry v. United States*, 534 U.S. 161, 167 (2002)).

to the reported burglary. However, the Due Process Clause does not confer an affirmative right to governmental aid, such as criminal investigation or prosecution. *See DeShaney*, 489 U.S. at 196. Police have significant discretion as to whom to investigate and whom to prosecute for violations of criminal laws, so long as the discretion is not based on protected classes such as race or religion, or other arbitrary classifications. *See Flowers v. City of Minneapolis*, 558 F.3d 794, 798 (8th Cir. 2009) (citing *Wayte v. United States*, 470 U.S. 598, 608 (1985)).

Here, Dressen does not allege that Spindler violated his rights because of discriminatory discretion, but only that Tyler Police failed to investigate and recover his stolen property. Because Dressen has no constitutional right to force such an investigation through judicial intervention, the Complaint does not state a plausible violation of the Fourteenth Amendment's Due Process Clause, and the Court will dismiss the claim.

### C.    Municipal Liability for Unconstitutional Policy or Custom

Lastly, because Dressen has failed to state a claim for a constitutional violation, he cannot state a claim for municipal liability pursuant to § 1983. "A plaintiff may establish municipal liability under § 1983 by proving that his or her constitutional rights were violated by an 'action pursuant to official municipal policy' or misconduct so pervasive among non-policymaking employees of the municipality 'as to constitute a custom . . . with the force of law.'" *Ware v. Jackson Cty.*, 150 F.3d 873, 880 (8th Cir. 1998) (quoting

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).  Thus, as Dressen has failed to state a claim for violation of the Fourth or Fourteenth Amendments, he has likewise failed to state a claim for municipal liability based on an unconstitutional policy or custom of failing to investigate reported crimes.  Moreover, even if Dressen had plausibly alleged a constitutional violation, Dressen has identified neither a specific official policy nor an unofficial custom pursuant to which any violation would have occurred.  The Court will therefore dismiss the claims against the City.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 23] is **GRANTED**, and the Complaint [Docket No. 1] is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  April 8, 2021  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court