# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

CHAD DOUGLAS DRESSEN,

        Plaintiff,

v.

CITY OF TYLER, MINNESOTA; and JOHN SPINDLER, *Chief of Police of Tyler, Minnesota, individually and in his official capacity*,

        Defendants.

Civil No. 19-1522 (JRT/KMM)

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STAY**

---

Chad Douglas Dressen, Reg. No. 17063-273, FCI-Fort Dix, P.O. Box 2000, Fort Dix, NJ 08640, *pro se*.

Ryan M. Zipf, **LEAGUE OF MINNESOTA CITIES**, 145 University Avenue West, St. Paul, MN 55103, for defendants.

The Court previously set forth the facts of this case, *Dressen v. City of Tyler*, No. 19-1522, 2021 WL 1313324, at *1 (D. Minn. Apr. 8, 2021), and will therefore only summarize relevant procedural developments here. Shortly after the Court granted Defendants' motion to dismiss for failure to state a claim, Plaintiff Chad Dressen filed a Motion to Stay, stating that he filed a request for appointment of counsel and did not respond to

Defendants' motion because he had not yet heard from his appointed counsel.[1] (Mot. Stay at 1–2, Apr. 13, 2021, Docket No. 36.) Dressen has accordingly asked the Court to stay proceedings until he is able to confer with his appointed counsel. (*Id.* at 2.) The Court ordered the parties to file briefing regarding Dressen's Motion to Stay by May 5, 2021. (Briefing Order, Apr. 21, 2021, Docket No. 40.) Defendants, the City of Tyler and Chief of Police John Spindler, oppose the Motion, arguing that Dressen did not request appointed counsel and has not shown extraordinary circumstances justifying relief from judgment.

In conjunction with his supporting memorandum, Dressen has filed a renewed Motion to Appoint Counsel.[2] (Renewed Mot. Appoint Counsel & Mot. Stay, May 14, 2021, Docket No. 45.) Dressen suggests that he requested appointment of counsel when he initially filed an application to proceed in forma pauperis, (IFP Appl., June 10, 2019, Docket No. 2), and when he told the Court that he needed "guidance and counsel" in this matter. Although civil litigants have no statutory or constitutional right to representation, *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998), the Court has discretion to appoint counsel

---

[1] Dressen further avers that he did not receive Defendants' motion papers until early April, as he was in lockdown at FCI Fort Dix in February because of COVID-19 restrictions. (Notice ¶¶ 3, 5, 7, Apr. 19, 2021, Docket No. 37).

[2] On May 3, Dressen filed a letter with the Court, stating that he was still waiting for his reply memorandum to be printed and therefore would not meet the May 5 filing deadline. (*See* Letter, May 10, 2021, Docket No. 44.) Dressen's full memorandum and motion were received on May 14, 2021, (Renewed Mot. Appoint Counsel & Mot. Stay, May 14, 2021, Docket No. 45), and the Court will consider them on the merits.

for an indigent litigant under 28 U.S.C. § 1915(e)(1). Whether to appoint counsel is based on factors such as the complexity of the case and the litigant's ability to investigate the facts and present his claims. *Stevens*, 146 F.3d at 546.

Yet, because judgment was entered in this case after the Court granted Defendant's motion to dismiss, the Court must first assess whether relief from judgment under Federal Rule of Civil Procedure 60 is warranted before determining whether to appoint counsel and stay the proceedings.[3] Dressen's assertion that he failed to comply with the filing deadline because of his mistaken belief that counsel would be appointed suggests that Rule 60(b)(1) applies, which provides for relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect." Excusable neglect includes a failure to comply with a filing deadline due to negligence, so long as there is a showing of good faith and a reasonable basis for failing to comply with the rules. *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quotation omitted).

Irrespective of the reasons for Dressen's failure to comply with the filing deadlines for Defendant's motion to dismiss, the Court dismissed the case because it found that

---

[3] The present Motions are not styled as Rule 60 motions for relief from judgment, but given the procedural posture, the Court will treat the Motions as encompassing a Rule 60 rationale. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (stating that if a pro se litigant alleges a discernible claim, the court should construe it within the proper framework).

Dressen failed to state a claim, not because Dressen missed his response deadline. Specifically, the Court dismissed Dressen's § 1983 claims as a matter of law because a private citizen does not have a right under either the Fourth Amendment or Fourteenth Amendment Due Process Clause to ensure that public officials investigate crimes committed by another against him. *See Dressen*, 2021 WL 1313324, at *3–4. Therefore, even if Dressen's failure to file a response were excusable or demonstrated exceptional circumstances, relief from judgment would not be warranted. Moreover, based on the Court's review of the allegations and the record, it finds that appointing counsel would not overcome these legal deficiencies. As such, the Court will deny Dressen's Motion to Appoint Counsel and his Motion to Stay, as there is no need to vacate or delay enforcement of the Judgment.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay Proceedings [Docket No. 36] and Motion to Appoint Counsel [Docket No. 45] are **DENIED**.

DATED: June 2, 2021  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court